UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ASHLEY ADAMS, personal representative, and Administrator Ad Litem of the Estate of TIMOTHY RAY CHOATE, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTOPHER CARR, in his personal capacity; and JEFFREY SHOBE, in his personal capacity,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 3:25-cv-211-TAV-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On May 13, 2025, Plaintiff filed her Complaint [Doc. 1], meaning the deadline to serve Defendants expired on August 11, 2025. *See* Fed. R. Civ. P. 4(m). On August 11, 2025, Plaintiff filed the Motion for Extension of Time to Complete Service of Process [Doc. 9]. For grounds, Plaintiff states that she does not know Defendants' home or work addresses [*Id*. at 1]. According to Plaintiff, "The addresses for [D]efendants identified in their respective summonses correspond to the attorneys who formerly represented them in a predecessor case against them and the State of Tennessee, and neither attorney has entered an appearance in this case" [*Id*.]. Plaintiff states that she "recently retained a private investigator to locate the Defendants and complete service of process" [*Id*.]. She seeks an additional thirty days to serve them [*Id*.].

Plaintiff's request is governed by Rule 4(m) of Federal Rules of Civil Procedure, which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999).

If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.* When determining whether to grant a discretionary extension, the Court should consider:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

The Court finds a discretionary extension of time warranted. Plaintiff seeks only an additional thirty days. There is no evidence of prejudice to Defendants, and Plaintiff represents "a dismissal would forever bar suit against Defendants" [Doc. 9 p. 1]. Further, although Plaintiff does not explain her previous efforts to serve Defendants, she has retained a private investigator to locate and serve them.

The Court therefore **GRANTS** Plaintiff's Motion for Extension of Time to Complete Service of Process [**Doc. 9**]. Plaintiff **SHALL** serve Defendants on or before **September 10, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge